UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

| | | |
|---|---|---|
| RICHARD HYLLAND, | : | CIV. NO. 16-4060 |
| Plaintiff, | : | |
| v. | : | **DEFENDANT RUSSELL FLAUM'S ANSWER** |
| RUSSELL FLAUM, | : | |
| Defendant. | : | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

Defendant Russell Flaum ("Flaum"), by his attorneys, Woods Fuller Shultz & Smith, P.C. and Schoenberg, Finkel, Newman & Rosenberg, LLC, as his Answer to the Complaint of Plaintiff Richard Hylland ("Hylland"), alleges and states as follows:

1.      That the Plaintiff, at all times pertinent to this action was a resident of the State of South Dakota.

**ANSWER:**   Flaum lacks sufficient information to either admit or deny the allegations of paragraph 1 of the Complaint and, therefore, demands strict proof thereof.

2.      That to the Plaintiff's knowledge and belief, Defendant, Russell Flaum is a resident of the State of Illinois.

**ANSWER:**   Flaum admits that he is a resident of the State of Illinois.

3.      That paragraphs 1 through 2 are hereby incorporated herein as if set out in full.

**ANSWER:**   Flaum incorporates his answers to paragraphs 1 and 2 above as his answer to paragraph 3.

4.      That Plaintiff married Traci Hylland (hereinafter referred to as "Ms. Hylland") on February 28, 1985 in Denver, Colorado and again on July 6, 1985 in Sioux Falls, South Dakota.

Case No.: CIV. 16-4060
Defendant Russell Flaum's Answer

**ANSWER:**   Flaum lacks sufficient information to either admit or deny the allegations of paragraph 4 of the Complaint and, therefore, demands strict proof thereof.

5.   That Plaintiff and Ms. Hylland lived together and had affection toward each other from the time of their marriage until approximately the summer of 2015, when Defendant Flaum commenced to acquire an improper and undue influence over Ms. Hylland, the wife of Plaintiff.

**ANSWER:**   Flaum denies that Ms. Hylland had affection toward Hylland in and prior to the summer to the 2015 and denies that Flaum commenced to acquire an improper and undue influence over Ms. Hylland.  Flaum lacks sufficient information to either admit or deny the remaining allegations of paragraph 5 of the Complaint and, therefore, demands strict proof thereof.

6.   That sometime on or about the spring of 2015, Defendant Flaum, knowing full well that Ms. Hylland was Plaintiff's wife, maliciously and with a wanton disregard of Plaintiff and his feelings, and with the intent to injure Plaintiff, to dishonor Plaintiff and his family, and to deprive him of the comfort, society, consortium, services and aid of his wife, alienated Ms. Hylland's affections from Plaintiff.

**ANSWER:**   Flaum denies the allegations of paragraph 6.

7.   That as a result of the actions of Defendant Hylland in alienating the affections of his wife, Plaintiff's home was made desolate and ruined, and his family life was destroyed.

**ANSWER:**   Flaum denies the allegations of paragraph 7.

8.   That to the best of Plaintiff's knowledge and belief and while pursuing the affections of Plaintiff's wife, Ms. Hylland, Defendant Flaum sent in excess of 100 e-mails to Ms. Hylland while she was in South Dakota, instigated Face Time videos meetings with Ms. Hylland while she was in South Dakota, sent gifts through the mail to Ms. Hylland while she was in South Dakota and talked to Ms. Hylland via the telephone while she was in South Dakota over 200 times; and as a result, Plaintiff has subjected himself to the jurisdiction of the Courts in South Dakota pursuant to SDCL 15-7-2.

**ANSWER:**   Flaum admits that he sent emails to Ms. Hylland, had Face Time videos and telephone calls with Ms. Hylland, and sent Ms. Hylland small gifts while she was in South Dakota, Minnesota and Iowa.  Flaum denies the remaining allegations of paragraph 8.

Case No.: CIV. 16-4060
Defendant Russell Flaum's Answer

9.     That as a direct and proximate result of the actions of Defendant Flaum in alienating the affection of his wife, Plaintiff suffered emotional distress, humiliation, depression, mental anguish, and loss of personal and professional reputation.

**ANSWER:**     Flaum denies that Ms. Hylland had affection toward Hylland in and prior to the summer to the 2015 and denies that Flaum alienated any affections of Ms. Hylland toward Hylland. Flaum lacks sufficient information to either admit or deny the remaining allegations of paragraph 9 of the Complaint and, therefore, demands strict proof thereof.

10.     That Defendant Flaum was guilty of oppression and/or malice with respect to intentionally alienating the affections of Plaintiff's wife and Plaintiff is therefore entitled to punitive damages.

**ANSWER:**     Flaum denies the allegations of paragraph 10.

### FIRST AFFIRMATIVE DEFENSE

As his First Affirmative Defense, Flaum alleges and states that he lacks sufficient minimum contacts with the State of South Dakota for this Court to exercise personal jurisdiction over him consistent with the United States Constitution or the long-arm statute of South Dakota.

### SECOND AFFIRMATIVE DEFENSE

As his Second Affirmative Defense, Flaum alleges and states that the affection, if any, of Ms. Hylland toward Hylland was alienated by the conduct of Hylland himself.

{02471387.1}                                    3

Case No.: CIV. 16-4060
Defendant Russell Flaum's Answer

Dated this 12th day of December, 2016.

WOODS, FULLER, SHULTZ & SMITH P.C.

By  /s/ Jennifer L. Van Anne
  Jennifer L. Van Anne
  300 South Phillips Avenue, Suite 300
  Post Office Box 5027
  Sioux Falls, SD 57117-5027
  Phone (605) 336-3890
  Jennifer.VanAnne@woodsfuller.com


  SCHOENBERG, FINKEL, NEWMAN
  & ROSENBERG, LLC

  Norman T. Finkel
  William R. Klein
  22 South Riverside Plaza, Suite 2100
  Chicago, IL 60606-6101
  (312) 648-2300
  Norm.Finkel@sfnr.com
  Bill.Klein@sfnr.com

  ATTORNEYS FOR DEFENDANT


**DEFENDANT REQUESTS TRIAL BY JURY ON ALL ISSUES OF FACT**