UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

| | | |
|---|---|---|
| RICHARD HYLLAND, | : | CIV. NO. 16-4060 |
| Plaintiff, | : | |
| v. | : | DISCOVERY REPORT |
| RUSSELL FLAUM, | : | |
| Defendant. | | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties hereby make the following Discovery Report following the parties' planning meeting:

**A.    Date and Place of the Meeting and Identification of the Parties, their Attorneys and Insurers**

**1.    The date and place at which the meeting was held.**

Counsel for the parties participated in a conference call on January 13, 2017.

**2.    Name and address of each party, together with the name and address of the attorney or attorneys who represented each party at the meeting.**

*Plaintiff Richard Hylland*

Robert A. Christenson
Christenson Law Office, Prof LLC
400 N. Main Avenue, Suite 206
Sioux Falls, SD 57104

*Defendant Russell Flaum*

Norman T. Finkel
William R. Klein
Schoenberg, Finkel, Newman, & Rosenberg, LLC
222 South Riverside Plaza, Suite 2100
Chicago, IL 60606-6101

Case No.: CIV. 16-4060
Discovery Report

**3.     Name of any liability the insurance carriers who may have coverage, whether primary or excess, applicable to the claims and amount of liability coverage available.**

None.

**B.     Description of the Case**

**4.     A brief non-argumentative narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses.**

The Complaint alleges, *inter alia,* that Plaintiff Richard Hylland ("Hylland") is a resident of South Dakota and that Defendant Russell Flaum ("Flaum") is a resident of Illinois, that Hylland and his wife, Traci Hylland ("Traci"), lived together and had affection toward each other until approximately the summer of 2015, when Flaum is alleged to have commenced to acquire an improper and undue influence over Traci. The Complaint further alleges that in or about the spring of 2015, Flaum alienated Traci's affection from Hylland and, in doing so, while Traci was in South Dakota, sent Traci numerous e-mails, initiated Face Time video meetings, sent her gifts and talked to her on more than two hundred occasions over the telephone.

Flaum alleges that he met Traci first at the Indian Wells Country Club in California in late 2014, where Flaum and the Hyllands were members. The Hyllands and the Flaums each maintained a residence in Indian Wells, California. In February, 2015, Flaum and Traci began playing singles tennis together at various country clubs in California. They continued playing tennis in March and April, 2015 and also began going out to eat, attending tennis tournaments and meeting up with each other in either Palm Desert or Beverly Hills, California. At Traci's request, Flaum met with Traci and her therapist on May 1, 2015 in Palm Desert. Traci returned to South Dakota on May 17, 2015. In July, 2015, Hylland mailed a package concerning Flaum's relationship with Traci to Flaum's wife in Illinois, and then in September, 2015, sent another package to Flaum's children and the fiancé of one of those children in Illinois. The packages contained messages and other materials (most dated between March and May, 2015), which Hylland asserted supported his claim that Flaum and Traci were engaging in sexual intercourse and having other romantic encounters in California.

In defense of Hylland's claim, Flaum maintains that he lacks sufficient contacts with the State of South Dakota for this Court to exercise personal jurisdiction over him consistent with the United States Constitution or the long-arm statute of South Dakota. Flaum also asserts that the affection, if any, of Traci toward Hylland was alienated by the conduct of Hylland himself and that any alleged alienation commenced and occurred in California.

2

Case No.: CIV. 16-4060
Discovery Report

> Plaintiff disputes that Hylland's behavior is on trial in that contributory negligence is not a defense to alienation of affection, an intentional tort. Hylland will ask the Court to address this issue in a motion in limine prior to trial.

5. **A concise statement of the jurisdictional basis of the case, giving a brief narrative description as well as citing any statute on which jurisdiction is based.**

   > This court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). Plaintiff maintains that this Court has personal jurisdiction over him pursuant to SDCL 15-7-2. Flaum maintains that he does not have sufficient minimum contacts with South Dakota to be subject to personal jurisdiction and, accordingly, filed a motion pursuant to rule 12(b)(2) to dismiss this action for lack of personal jurisdiction or, in the alternative, to transfer this action to the U.S. District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). In its Opinion Order dated November 22, 2016, this Court denied Flaum's motion.

6. **A brief statement of the material issues to be resolved.**

   > Whether Flaum or Hylland was the cause of any alienation of affection and whether any alleged alienation occurred in California.
   >
   > Plaintiff alleges Flaum alienated the affections of Mrs. Hylland from Plaintiff.

C. **Pleadings**

7. **A statement of whether all pleadings have been filed, and description of any amendments to the pleadings any party proposes to make including the identification of any new parties to be added (if none, so state).**

   > The Complaint and Answer have been filed. Defendant intends to seek leave to amend his answer to include a counterclaim against Plaintiff.

8. **The date by which all motions which seek to amend the pleadings or add parties will be filed.**

   > February 15, 2017

9. **Whether jury trial is available under the law, and whether a jury trial has been timely demanded.**

   > Jury trial is available and has been demanded by both parties.

Case No.: CIV. 16-4060
Discovery Report

**D.     Initial Discovery Plan**

**10.    Date by which all pre-discovery disclosures required by Rule 26(a)(1) will be completed.**

    March 1, 2017

**E.     Discovery Plan**

**11.    The procedure to be used for disclosure or discovery of electronic information.**

    PDF copies of documents and, to the extent available, production in native format.

**12.    The number of interrogatories requests for production, and requests for admissions each party will be permitted to serve.**

    Twenty-five for each per party.

**13.    The maximum number of depositions by each party (excluding expert witness depositions).**

    Ten by each party.

**14.    The limits on the length of depositions, in hours.**

    Four hours.

**15.    The date by which all discovery (including expert discovery) will be completed.**

    October 1, 2017

**16.    A statement of how many, if any, expert witnesses each party anticipates calling at trial, and a brief (one or two words) description of the type of experts anticipated, e.g., medical doctor, economist, accident reconstructionist, accountant.**

    One expert for each party, likely on the issue damages.

**17.    The date by which each party will disclose the identity of expert witnesses and disclose the reports required under Rule 26(a)(2).**

    Plaintiff:     August, 1, 2017
    Defendant:    September 1, 2017

**18.    Whether the parties anticipate expert depositions.**

Case No.: CIV. 16-4060
Discovery Report

      Yes

**19.** **The number of expert depositions each party will be permitted to take.**

      One

**20.** **The frequency with which discovery responses must be supplemented pursuant to Rule 26(e).**

      Every 30 days.

**F.** **Dispositive Motions and Trial**

**21.** **Date by which all dispositive motions shall be filed.**

      November 1, 2017

**22.** **Estimated trial time including jury selection and instructions.**

      Five days

**23.** **Whether the parties consent to assignment of the case to a United States Magistrate Judge.**

      No

**G.** **Settlement**

**24.** **The parties should fully explore the possibility of settling this case at the Rule 26(f) meeting. If the case does not settle, the parties shall be fully prepared to advise the court about the status of settlement discussions. The parties shall advise the court if and when they desire a settlement conference with a magistrate judge.**

The parties would consent to a settlement conference with a magistrate judge.

**25.** **Plaintiff is directed to make a written settlement demand prior to the Rule 26(f) meeting. Defendant will respond in writing to this demand as soon as possible.**

Plaintiff submitted a written demand for settlement on February 11, 2016, prior to the filing of this action. Defendant responded by rejecting the settlement demand without submitting any counter-offer given the amount of the demand. The written demand was placed on file

5

with the Court as Exhibit D with Defendant's Notice of Filing of Notice of Removal on or about May 5, 2016. Plaintiff has not made a demand since the lawsuit was filed.

2**6.** **If Plaintiff is unable to make a settlement demand, Plaintiff shall explain why Plaintiff was unable to make a demand, and the earliest date the parties can realistically evaluate settlement.**

**27.** **Any other matters the parties want to raise to the Court.**

Flaum intends to file a motion to consolidate this action with Civ. No. 16-4168, filed on December 12, 2016 and also pending before this Court. The Complaint for Alienation of Affection was filed by Flaum's wife, Virginia Flaum, against Traci Hylland. Due to the similarity and overlapping of claims, parties, witnesses and evidence, Flaum believes the present action should be consolidated with Civ. No. 16-4168.

Plaintiff intends to file a Motion to Dismiss Virginia Flaum's alienation of affection claim against Traci Hylland based on a conflict of law issue.

Dated this 31st day of January, 2017.

CHRISTENSON LAW, PROF. LLC

By: /s/Robert A. Christenson
Robert A. Christenson
400 N. Main Avenue, Suite 206
Sioux Falls, SD 57104
Telephone (605) 332-1200
Email: rac.clolaw@midconetwork.com

*Attorneys for Plaintiff*

6

Case No.: CIV. 16-4060
Discovery Report

Dated this 31st day of January, 2017.

                                       WOODS, FULLER, SHULTZ & SMITH P.C.

                              By:    /s/Jennifer L. Van Anne
                                      Jennifer L. Van Anne
                                      300 South Phillips Avenue, Suite 300
                                      Post Office Box 5027
                                      Sioux Falls, SD 57117-5027
                                      Phone (605) 336-3890
                                      Jennifer.VanAnne@woodsfuller.com


                                       SCHOENBERG, FINKEL, NEWMAN
                                       & ROSENBERG, LLC

                              By:    /s/Norman T. Finkel
                                        Norman T. Finkel
                                        222 South Riverside Plaza, Suite 2100
                                        Chicago, IL 60606-6101
                                        (312) 648-2300
                                        Norm.Finkel@sfnr.com

                                       *Attorneys for Defendant*