# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

| | | |
|---|---|---|
| RICHARD HYLLAND, | : | CIV. NO. 16-4060 |
| Plaintiff, | : | |
| v. | : | **DEFENDANT RUSSELL FLAUM'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| RUSSELL FLAUM, | : | |
| Defendant. | : | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

Defendant/Counter-Plaintiff Russell Flaum, by his attorneys, Woods Fuller Shultz & Smith, P.C. and Schoenberg, Finkel, Newman & Rosenberg, LLC, as his First Amended Answer, Affirmative Defenses and Counterclaim against Plaintiff/Counter-Defendant Richard Hylland ("Hylland"), alleges and states as follows:

## ANSWER

1. That the Plaintiff, at all times pertinent to this action was a resident of the State of South Dakota.

**ANSWER:** Russell Flaum lacks sufficient information to either admit or deny the allegations of paragraph 1 of the Complaint and, therefore, demands strict proof thereof.

2. That to the Plaintiff's knowledge and belief, Defendant, Russell Flaum is a resident of the State of Illinois.

**ANSWER:** Russell Flaum admits that he is a resident of the State of Illinois.

3. That paragraphs 1 through 2 are hereby incorporated herein as if set out in full.

**ANSWER:** Russell Flaum incorporates his answers to paragraphs 1 and 2 above as his answer to paragraph 3.

4. That Plaintiff married Traci Hylland (hereinafter referred to as "Ms. Hylland") on February 28, 1985 in Denver, Colorado and again on July 6, 1985 in Sioux Falls, South Dakota.

**ANSWER:** Russell Flaum lacks sufficient information to either admit or deny the allegations of paragraph 4 of the Complaint and, therefore, demands strict proof thereof.

5. That Plaintiff and Ms. Hylland lived together and had affection toward each other from the time of their marriage until approximately the summer of 2015, when Defendant Flaum commenced to acquire an improper and undue influence over Ms. Hylland, the wife of Plaintiff.

**ANSWER:** Russell Flaum denies that Traci Hylland had affection toward Richard Hylland in and prior to the summer to the 2015 and denies that Russell Flaum commenced to acquire an improper and undue influence over Traci Hylland. Russell Flaum lacks sufficient information to either admit or deny the remaining allegations of paragraph 5 of the Complaint and, therefore, demands strict proof thereof.

6. That sometime on or about the spring of 2015, Defendant Flaum, knowing full well that Ms. Hylland was Plaintiff's wife, maliciously and with a wanton disregard of Plaintiff and his feelings, and with the intent to injure Plaintiff, to dishonor Plaintiff and his family, and to deprive him of the comfort, society, consortium, services and aid of his wife, alienated Ms. Hylland's affections from Plaintiff.

**ANSWER:** Russell Flaum denies the allegations of paragraph 6.

7. That as a result of the actions of Defendant Hylland in alienating the affections of his wife, Plaintiff's home was made desolate and ruined, and his family life was destroyed.

**ANSWER:** Russell Flaum denies the allegations of paragraph 7.

8. That to the best of Plaintiff's knowledge and belief and while pursuing the affections of Plaintiff's wife, Ms. Hylland, Defendant Flaum sent in excess of 100 e-mails to Ms. Hylland while she was in South Dakota, instigated Face Time videos meetings with Ms. Hylland while she was in South Dakota, sent gifts through the mail to Ms. Hylland while she was in South Dakota and talked to Ms. Hylland via the telephone while she was in South Dakota over 200 times; and as a result, Plaintiff has subjected himself to the jurisdiction of the Courts in South Dakota pursuant to SDCL 15-7-2.

**ANSWER:** Russell Flaum admits that he sent emails to Traci Hylland, had Face Time videos and telephone calls with Traci Hylland, and sent Traci Hylland small gifts while she was in South Dakota, Minnesota and Iowa. Russell Flaum denies the remaining allegations of paragraph 8.

9. That as a direct and proximate result of the actions of Defendant Flaum in alienating the affection of his wife, Plaintiff suffered emotional distress, humiliation, depression, mental anguish, and loss of personal and professional reputation.

**ANSWER:** Russell Flaum denies that Traci Hylland had affection toward Richard Hylland in and prior to the summer of 2015 and denies that Russell Flaum alienated any affections of Traci Hylland toward Richard Hylland. Russell Flaum lacks sufficient information to either admit or deny the remaining allegations of paragraph 9 of the Complaint and, therefore, demands strict proof thereof.

10. That Defendant Flaum was guilty of oppression and/or malice with respect to intentionally alienating the affections of Plaintiff's wife and Plaintiff is therefore entitled to punitive damages.

**ANSWER:** Russell Flaum denies the allegations of paragraph 10.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As his First Affirmative Defense, Russell Flaum alleges and states that he lacks sufficient minimum contacts with the State of South Dakota for this Court to exercise personal jurisdiction over him consistent with the United States Constitution or the long-arm statute of South Dakota.

### SECOND AFFIRMATIVE DEFENSE

As his Second Affirmative Defense, Russell Flaum alleges and states that the affection, if any, of Ms. Hylland toward Mr. Hylland was alienated by the conduct of Mr. Hylland himself.

Case No.: CIV. 16-4060
Defendant Russell Flaum's First Amended Answer, Affirmative Defenses and Counterclaims

## COUNTERCLAIM

PARTIES, JURISDICTION AND VENUE

1. Russell Flaum ("Russell") is a citizen of the state of Illinois.

2. Richard Hylland ("Hylland") is a citizen of the state of South Dakota.

3. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties because Hylland is a citizen of South Dakota and Russell Flaum is a citizen of Illinois, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Hylland by virtue of his transaction of business within this state, his commission of tortious acts in this state, and his ownership, use or possession of property situated within this state. S.D. Codified Laws § 15-7-2(1)-(3).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Hylland resides in this District.

## FACTS

6. In or about July, 2015, Hylland intentionally began a campaign of harassment designed to humiliate Russell Flaum and his wife Virginia Flaum through the disclosure in Illinois of highly private information regarding Russell and Virginia Flaum and their marriage to their children and others with whom Russell and Virginia Flaum have a special relationship.

7. In or about July, 2015, Hylland wrongfully took possession of highly confidential and private emails, letters and text messages regarding Russell and Virginia Flaum and their marriage.

8. In or about July, 2015, Hylland began delivering packages and offensive communications to Virginia Flaum in Illinois, containing this highly private information. Virginia Flaum directed Hylland to immediately cease all such communication.

9. Rather than cease all such communication, Hylland maliciously and intentionally humiliated Russell and Virginia Flaum through the wide-spread disclosure in Illinois of highly private information, which was not of legitimate concern to the public and would be highly offensive to a reasonable person. The disclosure was made to the children of Russell and Virginia Flaum and others with whom Russell and Virginia Flaum have a special relationship.

10. In an effort to further publicly humiliate Russell and Virginia Flaum, in September, 2015, Hylland delivered packages in Illinois to the children of Russell and Virginia Flaum and the fiancé of one of those children, containing highly private emails and text messages and other private information and offensive communications. Hylland claimed that he also distributed such packages of the highly private information to others, including members of the news media, Russell's employer, friends of Russell and Virginia Flaum, and the parents of the fiancé of one of the children of Russell and Virginia Flaum. None of the information contained in these packages was of legitimate concern to the public.

11. Despite repeated requests, Hylland refused to cease and desist from publically disclosing such private information.

**COUNT I**
**(Invasion of Privacy – Disclosure of Private Facts)**

12. Russell Flaum hereby incorporates by reference Paragraphs 1 through 11 as if fully set forth herein.

Case No.: CIV. 16-4060
Defendant Russell Flaum's First Amended Answer, Affirmative Defenses and Counterclaims

13. In or about July, 2015, Hylland intentionally disclosed highly sensitive and private information regarding Russell and his marriage to Virginia Flaum to their children and others with whom Russell has a special relationship.

14. In or about July, 2015, Hylland wrongfully took possession of and/or misappropriated highly confidential emails, letters and text messages regarding Russell and Virginia Flaum and their marriage, and delivered packages and offensive communications to the children of Russell and Virginia Flaum.

15. Although Virginia Flaum directed Hylland to cease all such communications, Hylland continued to deliver packages in Illinois to the children of Russell and Virginia Flaum and the fiancé of one of those children, containing highly private emails and text messages and other private information and offensive communications.

16. Hylland claimed that he also distributed such packages of the highly private information to others, including members of the news media, Russell's employer, friends of Russell and Virginia Flaum, and the parents of the fiancé of one of the children of Russell and Virginia Flaum.

17. Despite repeated requests, Hylland refused to cease and desist from publically disclosing such private information.

18. None of the information contained in these packages was of legitimate concern to the public, and Hylland disclosed such highly private information with malice and in a manner that is highly offensive to a reasonable person.

19. As a result of Hylland's malicious and improper disclosure of such private information, Russell has suffered, and continues to suffer, damages including, but not limited to,

the loss of reputation and standing in the community, personal humiliation, and mental anguish and suffering.

20.     Hylland's intentional, willful and wanton invasion of Russell's privacy was done with actual malice, thereby entitling Russell to punitive damages.

WHEREFORE, Defendant/Counter-Plaintiff Russell Flaum prays as follows:

A.     For the entry of an award of compensatory damages against Richard Hylland in an amount to be determined at trial;

B.     For the entry of an award of punitive damages against Richard Hylland in an amount to be determined at trial; and

C.     For the entry of such other and further or different relief as this Court deems just.

## COUNT II
### (Invasion of Privacy – Intrusion on Seclusion)

1-20.   Russell Flaum hereby incorporates by reference Paragraphs 1 through 20 as if fully set forth herein.

21.     In or about July, 2015, Hylland wrongfully intruded and invaded Russell's right to privacy by improperly and unlawfully obtaining possession of and/or misappropriating highly confidential emails, letters and text messages regarding Russell and Virginia Flaum and their marriage, without their consent.

22.     In or about July, 2015, Hylland began delivering packages and offensive communications to Russell and Virginia Flaum's children in Illinois, containing such highly private information.

23.     Hylland's acquisition and/or misappropriation of highly confidential information, e-mails, letters and text messages regarding Russell and Virginia Flaum and their marriage was

Case No.: CIV. 16-4060
Defendant Russell Flaum's First Amended Answer, Affirmative Defenses and Counterclaims

unreasonable, unwarranted, and was undertaken in such a manner as to outrage or cause mental suffering, shame or humiliation of a person of ordinarily sensibilities.

24. Russell had an objectively reasonable expectation of seclusion or privacy with respect to the highly confidential and private emails, letters and text messages, all of which were misappropriated and disclosed by Hylland.

25. As a result of Hylland's malicious and improper intrusion on Russell's seclusion and/or privacy, Russell has suffered, and continues to suffer, damages including, but not limited to, the loss of reputation and standing in the community, personal humiliation, and mental anguish and suffering.

26. Hylland's intentional, willful and wanton invasion of Russell's privacy was done with actual malice, thereby entitling Russell to punitive damages.

WHEREFORE, Defendant/Counter-Plaintiff Russell Flaum prays as follows:

A. For the entry of an award of compensatory damages against Richard Hylland in an amount to be determined at trial;

B. For the entry of an award of punitive damages against Richard Hylland in an amount to be determined at trial; and

C. For the entry of such other and further or different relief as this Court deems just.

Dated this 2nd day of February, 2017.

        WOODS, FULLER, SHULTZ & SMITH P.C.

By /s/ Jennifer L. Van Anne
   Jennifer L. Van Anne
   300 South Phillips Avenue, Suite 300
   Post Office Box 5027
   Sioux Falls, SD 57117-5027
   Phone (605) 336-3890
   Jennifer.VanAnne@woodsfuller.com

SCHOENBERG, FINKEL, NEWMAN
& ROSENBERG, LLC

Norman T. Finkel
William R. Klein
22 South Riverside Plaza, Suite 2100
Chicago, IL 60606-6101
(312) 648-2300
Norm.Finkel@sfnr.com
Bill.Klein@sfnr.com

ATTORNEYS FOR DEFENDANT